IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TRENT ANTONIO HORTON, SR.**                                                     **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 1:17-CV-38-MPM-DAS**

**SYSTEMS AUTOMOTIVE INTERIORS, et al.**                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Systems Automotive Interiors, ("SAI"), Systems Electro Coating, LLC ("SEC"), Mike McGuffie, William Cooley, Lillian Cooley, and Joshua Ashaka's *Motion to Dismiss* [17]. Defendants move that this Court dismiss this case: (1) against SAI for failure to state a claim under Title VII, (2) against SEC for failure to exhaust administrative remedies, or allege facts sufficient to find SEC was Horton's employer; and (3) against the individual defendants Mike McGuffie, William Cooley, Lillian Cooley, and Joshua Ashaka, who cannot be held individually liable under Title VII.

### Factual and Procedural Background

Trent Antonio Horton, Sr. is an African-American former employee of SAI. He began work at SAI as a production manager on March 26, 2013. Horton alleges that beginning in December of 2014, the Chief Operating Officer, Mike McGuffie, showed him photographs of himself in Civil War reenactment regalia. Horton also claims that McGuffie told him, "You should see people's eyes when we shoot the cannons." In his Amended Complaint, Horton alleges McGuffie "continuously" created a hostile work environment by: (1) "sharing Civil War relics and horror stories;" (2) sending "videos…about Civil War events" and of "himself in Civil War battles;" and finally, (3) driving Horton out to a "secluded place" and showing him a gun.

1

Horton filed an internal complaint at SAI against McGuffie because he "felt threatened by the pictures of McGuffy [sic] in a confederate uniform." In March of 2015, Horton was terminated for insubordination and failure to participate in an investigation of a complaint filed against him. On May 7, 2015, Horton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race and color discrimination, including retaliation for his prior internal complaint. In his Original Complaint, Horton stated the EEOC issued a Notice of Right to Sue on December 20, 2016, and subsequently he filed this suit on March 2, 2017.[1]

On June 2, 2017, previous Defendants Toyota Boshuku Mississippi LLC, Toshiyuki Kawaski, Todd Sousa, Hirohide Ogawa, and Shigetoshi Myoshi filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. The Court entered an Order granting that Motion on August 29, 2017. On July 3, the remaining Defendants filed this pending Motion to Dismiss.

In their Motion to Dismiss, Defendants argue Horton's claims lack merit for three reasons. First, Horton has failed to raise any plausible allegations of retaliatory discharge against SAI, because Horton cannot assert that he participated in an activity protected under Title VII, nor that his employer had any knowledge of an allegedly protected activity, because Horton never identified the substance of his internal complaint, nor the person to whom he complained. Second, that Horton was required to exhaust administrative remedies as to all potential defendants prior to

---

[1] An amended complaint generally supersedes and replaces an original complaint, "unless the amendment specifically refers to or adopts the earlier pleading." *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237 (5th Cir. 1978) (citing *Cedillo v. Standard Oil Co. of Texas*, 261 F.2d 443 (5th Cir. 1958)) *vacated on other grounds*, 444 U.S. 959 (1979); *see also* Fed. R. Civ. P. Rule 15(a).

filing his Complaint, and that he failed to do so regarding Defendant SEC. And finally, that Title VII precludes liability against individual defendants in either their individual or official capacities.

On July 17, 2017, Horton filed his Response to the Defendants' Motion to Dismiss. The Defendants' filed a Reply to Horton's Response on July 28, 2017.

**FRCP Rule 12(b)(6) Standard**

Before the Court can grant a motion to dismiss, the Defendants must show that Plaintiff has not met the relevant pleading standard to state a claim. Defendants must show that Plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555 (2007)).

This Court has previously recognized that "the purpose of a Rule 12(b)(6) motion [is] to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case." *Edwards v. Coldwell Banker Real Estate Corp.*, 2006 WL 2404718, *1 (N.D. Miss. Aug. 18, 2006) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Gatheright v. Barbour*, 2017 WL 507603, *3 (N.D. Miss. Feb. 6, 2017) (citing *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216-17 (5th Cir. 2014) (per curiam)) (additional citation omitted). It is the responsibility of the Court to now determine "whether the plaintiff has stated a legally

cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (additional citations omitted).[2]

## Discussion

### A. Unlawful Retaliation

Returning to the motion at hand, the Defendants have moved for dismissal under Rule 12(b)(6) under the theory that Horton has failed to state a claim of retaliation for which relief can be granted. "To state a Title VII retaliation claim, the Plaintiff must allege facts sufficient to establish: (1) [he] engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JRK Property Holdings*, 405 Fed.Appx. 829, 831 (5th Cir. 2010). A "protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). The *McDonnell-Douglas*[3] burden-shifting test applies to Title VII unlawful retaliation claims. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419 (5th Cir. 2000). If Horton can establish a prima facie case of unlawful retaliation, the burden shifts to Defendants to articulate a legitimate, non-retaliatory reason for Horton's termination.

Horton asserts that he engaged in a protected activity by complaining internally about Mike McGuffie's behavior to his SEC human resources manager, and after that initial report, he was "summoned" to Jackson, Mississippi to meet with the company President, Toni Cooley. At that

---

[2] In Defendant's Motion to Dismiss (Dkt. # 17), at n. 1, Defendants indicate they are not seeking dismissal of Horton's Title VII race-based hostile work environment claim against SAI under this Rule 12(b)(6) motion. Rather, Defendants intend to seek summary judgment on the issue at the close of discovery.
[3] *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

meeting, Horton claims Toni Cooley dismissed his complaints, and that she "did not care what [his] supervisor was doing." Horton argues he reported Mike McGuffie's offensive behavior to a host of people at SAI, including Joshua Ashaka, William and Lillian Cooley, and the "TBMS managers." In their Response to the Plaintiff's Reply to the Motion to Dismiss, the Defendants argue "[n]othing about Plaintiff Trent Horton's oppositional response changes" any of their claims. However, the Court finds Horton has alleged facts sufficient to meet the burden-shifting test for a Title VII unlawful retaliation claim.

Horton's claims that he spoke with Toni Cooley and several others at the organization directly refutes Defendants' contention that the employer who terminated him had no knowledge of the prior complaint. Neither party has identified the individual who terminated Horton, which further casts doubt on the sufficiency of Defendants' second claim that the person lacked knowledge of the prior complaint. In the Plaintiff's Response to the Defendants' Motion to Dismiss Horton claims the investigation lodged against him, which resulted in his ultimate termination, was "solicited by Toni Cooley." The Defendants did not address this allegation in their Reply, nor did they supply alternate facts to refute this contention.

Accordingly, the prima facie standard has also been met with regards to the causal link between the protected activity and the adverse employment action. Horton argues he complained to several supervisors, those supervisors then had knowledge of his complaints, and he was subsequently terminated. "The standard for establishing the 'causal link' element of the plaintiff's prima facie case is much less stringent" than but-for causation. *McMillan v. Rust College, Inc.*, 710 F.2d 1112, 1116-17 (5th Cir. 1983). A plaintiff need not prove that his protected activity was the "sole factor motivating the employer's challenged decision in order to establish the 'causal

link' element of a prima facie case." *Long v. Eastfield College*, 88 F.3d 300 (5th Cir. 1996) (citing *De Anda v. St. Joseph Hosp.*, 671 F.2d 850, 857 n. 12 (5th Cir. 1982)).

## B. Failure to Exhaust Administrative Remedies

Defendants' second contention is that Horton failed to exhaust administrative remedies as to SEC because he failed to name SEC in his original EEOC complaint. In support of their argument, Defendants cite *EEOC v. Simbaki, Limited, et. al.*, 767 F.3d 475, 481 (5th Cir. 2014) for the premise that generally a party may not be sued unless they were named in the EEOC charge. The holding in *Simbaki*, far from abiding by the "general rule" of the named-party requirement, actually "reject[s] a per se rule that parties represented by counsel cannot invoke the judicially-recognized exceptions to the named-party requirement," although such exceptions are typically construed for pro se litigants. *Simbaki*, 767 F.3d at 485. The very next sentence after that quoted by Defendants says simply, "When applying that general rule, *however*, courts liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks." *Simbaki*, 767 F.3d at 481 (emphasis added). An example of which, the *Simbaki* court states, is to avoid "hypertechnical readings of charges" such as "when the party named in the EEOC charge is legally identical to the party that is sued." *Id.* at 481 (citing *Onan v. Cnty. Of Roanoke*, 52 F.3d 321, at *2 (4th Cir. 1995). In determining whether such a named-party exception applies, the Fifth Circuit looks to "whether a party can meet either (1) the Third Circuit's *Glus* test for whether there is an identity-of-interest or (2) the Seventh Circuit's *Eggleston* test for whether there was actual notice of the charge and an opportunity to participate in conciliation." *Simbaki*, 767 F.3d at 484.

The Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3rd Cir. 1977) developed a four-factor test to determine whether there was sufficient identity-of-interest between the named

6

and unnamed party so that the unnamed party could be sued in court despite not being named in the charge:

(1) Whether the role of the unnamed party could, through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) Whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 888 (internal line breaks added).

The Seventh Circuit, while accepting the validity of the Third Circuit's *Glus* test, has also created an exception to the named-party requirement for certain parties who had actual notice of the EEOC proceedings. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890 (7th Cir. 1981). The Seventh Circuit reasoned that the named-party requirement is meant to "give[] the employer some warning of the conduct about which the employee is aggrieved and afford[] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Alam v. Miller Brewing*, 709 F.3d 662, 666 (7th Cir. 2013) (internal quotation marks omitted). Therefore, as long as "an unnamed party has been provided with adequate notice of the charge under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," the purpose of the named-party

requirement has been met and "the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905.

Further, as a general premise, vicarious liability is a viable theory under Title VII that supervisor discrimination can be imputed to the larger employer. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). The Fifth Circuit "developed a four-factor, single-enterprise test to determine whether two entities served as a single employer for Title VII purposes in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)." *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339 (5th Cir. 2005). Those factors include: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The second factor has been further refined into an inquiry about "'[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination.'" *Id.* (quoting *Odriozola v. Superior Cosmetics Distrib. Inc.*, 531 F.Supp. 1070, 1076 (D.P.R. 1982)). This factor has also been considered by courts to be the most important, *see Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997), however, "no one factor is controlling. . . nor need all criteria be present." *Carpenters Local Union No. 1846 of the United Brotherhood of Carpenters v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 505 (5th Cir. 1982).

Horton argues Toni Cooley is President of "SEC-SAI" in his Response to Defendants' Motion to Dismiss. He also alleges that: (1) "Defendants held dual roles and responsibilities in SEC, as well as SAI;" (2) "The initial complaint was given to the SEC HR managers in the Jackson, MS facility;" and (3) that "SEC was responsible for the HR portion for SAI for several months of Plaintiffs [sic] employment." Neither party has clarified nor explained the exact nature of the relationship between the two companies, SAI and SEC. Without further fact-finding, the Court is

unable to fully evaluate: the applicability of the named-party exception under either the *Glus* or *Eggleston* tests, or the nature of the potential for a single enterprise under the *Trevino* test. Therefore, the Court is issuing a Show Cause Order for Defendants to explain the nature of the relationship between SAI and SEC.

### C. Individual Defendants

Finally, the Court agrees that all the individual defendants – Toni Cooley, Mike McGuffie, William Cooley, Lillian Cooley, and Joshua Ashaka – must be dismissed from the suit, because Title VII does not permit liability against individual defendants in either their individual or official capacity. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)).

Accordingly, it is hereby, ORDERED that Defendants' *Motion to Dismiss* [17] is GRANTED IN PART, and DENIED IN PART. The Motion is DENIED as to the claims of unlawful retaliation and failure to exhaust administrative remedies. The Motion is GRANTED as to the claims of dismissal of individual defendants.

SO ORDERED, this the 4th day of October, 2017.

**MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NOTHERN DISTRICT OF MISSISSIPPI**